

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2002

# USA v. Croussett

Precedential or Non-Precedential:

Docket 1-1633

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"USA v. Croussett" (2002). *2002 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 01-1633
_____

UNITED STATES OF AMERICA

v.

JOSE CROUSSETT,
            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 92-cr-00047-2)
District Judge: Honorable Franklin S. Van Antwerpen
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2002
Before: RENDELL, FUENTES and MAGILL*, Circuit Judges

(Filed: January 24, 2002)
_____

MEMORANDUM OPINION
_____

RENDELL, Circuit Judge.

    On April 22, 1992, Jose Croussett was convicted by a jury of conspiracy to

distribute cocaine base, in violation of 21 U.S.C.  846, and possession with intent to

_____

    *Honorable Frank J.  Magill, United States Circuit Judge for the Eighth Circuit,
sitting by designation.

distribute cocaine base, in violation of 21 U.S.C.   841(a)(10).  On March 2, 1993,
Appellant was sentenced to a 19-year prison term.  Croussett filed a motion for
resentencing based on a new sentencing guideline promulgated by the Sentencing
Commission, and on March 2, 2001 he was sentenced to 15 years in prison.  He now
appeals from the District Court's resentencing order.  For the reasons stated below, we
will affirm the District Court's order.  In addition, we will grant the motion of
Croussett's counsel, Robert E. Sletvold, Esq., for leave to withdraw as counsel.

Croussett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738
(1967), expressing his belief that there were no non-frivolous issues presented for our
review.  As required by Anders, counsel directed us to portions of the record that might
arguably support an appeal.  He points to two possible issues for appeal.

First, counsel raises whether the District Court abused its discretion by refusing to
depart downward from the sentencing guidelines range based on Croussett's willingness
to be deported.  The District Court explained that it was "aware of its power to depart,
but in exercising its discretion the Court would choose not to depart."  If this were indeed
the case we would lack jurisdiction, because we have no jurisdiction to review the
District Court's exercise of discretion.  United States v. Torres, 251 F.3d 138, 145 (3d
Cir. 2001).  However, the District Court erred because it did not have discretion to
depart.  We have explained that "in light of the judiciary's limited power with regard to
deportation, a district court cannot depart downward on this basis without a request from
the United States Attorney."  United States v. Marin-Castaneda, 134 F.3d 551, 555 (3d
Cir. 1998).  Here the United States Attorney did not request a departure from the
Sentencing Guideline, therefore the District Court had no discretion, and, accordingly,
although we must disagree with its reasoning, we find that the District Court was correct
not to depart.

The second possible issue counsel raises is whether Croussett's trial counsel was
ineffective.  It is well established that "claims of ineffective assistance of counsel
generally are not entertained on direct appeal."  United States v. Haywood, 155 F.3d 674,

678 (3d Cir. 1998). We will only review this issue on direct appeal in cases "[w]here the record is sufficient to allow a determination of ineffective assistance of counsel. . . ." Id. As the record before us provides no basis for concluding that counsel's performance was inadequate or that it prejudiced the result of the District Court's proceeding, we will decline to review this issue. United States v. Roberson, 194 F.3d 408, 413 (3d Cir. 1999).

Moreover, as required by Anders, Croussett was given notice of his attorney's desire to withdraw, allowing him the opportunity to raise any issues for appeal in a pro se brief. Although Croussett filed such a brief and raised essentially three additional grounds for an appeal, we find them lacking in merit.

First, Croussett argues that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000). The teachings of Apprendi are not implicated here, however, because the sentence was within the statutory maximum, 20 years. See United States v. Depero, 224 F.3d 256, 267 n.5 (3d Cir. 2000). Croussett's other two issues on appeal  that his conviction was a result of informant/witness testimony that resulted from promises for leniency, and that packaging material was improperly included in the total weight of the cocaine base  simply have no support in the record.

Our review of the record demonstrates no reason to disturb the judgment of the District Court. We find that counsel, as required by Anders, conducted a conscientious review of the record and correctly concluded that there were no non-frivolous issues for appeal. 386 U.S. at 744. We are satisfied that all requirements of the Anders procedure have been met.

Accordingly, we will GRANT counsel's request to withdraw and will AFFIRM the Order of the District Court.

_____

TO THE CLERK OF COURT:
     Please file the foregoing memorandum opinion.


                                        /S/ Majorie O. Rendell
                              Circuit Judge

Dated:  January 24, 2002